UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bennie Mitchell, | ) | CA No. 9:23-cv-06604-CMC-MHC |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Warden Stephen Duncan, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Bennie Mitchell ("Petitioner"), a state prisoner proceeding pro se, petitions the court for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 30, 31. On June 25, 2024, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 32. Thereafter, Petitioner file a Response, ECF No. 37, and Respondent filed a Reply, ECF No. 40. Without seeking leave of the Court, Respondent then filed a Sur Reply. ECF No. 42.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 31, be granted, and the Petition, ECF No. 1, be dismissed with prejudice.

## I.     BACKGROUND

Petitioner is currently incarcerated in the South Carolina Department of Corrections under orders of commitment from the Newberry County Clerk of Court. The Newberry County Grand Jury indicted him in January 2009 for burglary first degree, larceny, and possession of burglary

tools. (2009-GS-36-0037, -0038, and -0039). ECF No. 30-3 (App. 756–61). The case was prosecuted by Assistant Solicitor Austin McDaniel, and attorney Mathias Chaplin represented Petitioner. ECF No. 30-1 (App. 1). After proceeding to trial by jury before the Honorable D. Garrison Hill in April 2010, the jury returned a verdict of not guilty on the petty larceny charge but found Petitioner guilty of burglary first degree and possession of burglary tools. ECF No. 30-1 (App. 234–235). Petitioner was sentenced to an aggregate of 20 years' imprisonment. ECF No. 30-1 (App. 240).

### A. Direct Appeal

Petitioner, by way of counsel, moved for a reconsideration of his sentence and for a new trial, but the trial court denied Petitioner's requests. ECF No. 30-1 (App. 243–51). Petitioner then timely filed a notice of intent to appeal on July 25, 2012, and the appeal was perfected by attorney Lanelle Cantey Durant. ECF No. 30-1 (App. 253–57). The following issues of trial court error were raised: (1) the testimony of the police officer identifying the Petitioner from photographs taken from a computer disk was inadmissible; (2) the photographs from a digital camera inside the burglarized residence were not "originals" within the scope of the rules of evidence; and (3) the verdicts convicting Petitioner of burglary in the first degree and acquitting him of petit larceny were inconsistent. ECF No. 30-1 (App. 257); *see State v. Mitchell*, 731 S.E.2d 889, 891 (S.C. Ct. App. 2012).

Respondent made a timely return, ECF No. 30-2 (App. 271), and the South Carolina Court of Appeals affirmed Petitioner's convictions and sentences on July 25, 2012, ECF No. 30-2 (App. 293–303). *See Mitchell*, 731 S.E.2d at 891. Petitioner filed a petition for rehearing, but it was denied, so Petitioner then appealed to the Supreme Court of South Carolina and filed a petition for writ of certiorari in January 2013, raising the same three issues that were raised to the Court of

Appeals. ECF No. 30-2 (App. 304–34). Respondent made a timely return, and the Supreme Court

denied the petition for writ of certiorari on March 6, 2014. ECF No. 30-2 (App. 336–55).

### B. Post-Conviction Relief (PCR) Application

Petitioner filed his first application for PCR relief on March 14, 2014, alleging three

grounds of ineffective assistance of counsel. ECF No. 30-3 (App. 598–627). Specifically,

Petitioner claimed the following:

1. Trial counsel was ineffective for failing to object and move the court to remove the victim's girlfriend from sitting at the State's table;

2. Trial counsel was ineffective for stating a lieutenant testifying for the State was a "good officer" on cross-examination, which improperly bolstered his testimony and identification of the Petitioner; and

3. Appellate counsel was ineffective for failing to raise the "multitude of scenarios" that could have intervened while Petitioner was inside the residence he burgled to make him change his mind and leave the residence before he took anything.

*Id.*

Respondent filed a return denying the allegations. ECF No. 30-3 (App. 670–75). Petitioner

moved for and was appointed new PCR counsel, and his new PCR counsel, Ashley A. McMahan,

filed a short, amended application for post-conviction relief on October 6, 2021, stating, "[T]he

Applicant requests that he be permitted to amend his PCR application to conform to the evidence

presented at the PCR hearing should any new or unaddressed issues arise during the course of the

hearing that have not been specifically addressed in the Application." ECF No. 30-3 (App. 678).

An evidentiary hearing was held on October 26, 2021, via a WebEx Virtual Courtroom

before the Honorable R. Kirk Griffin. ECF No. 30-3 (App. 680–742). Petitioner was present

virtually and was represented by McMahan, and respondent was represented by Assistant Attorney

General Michael J. Neubauer. *Id.* Judge Griffin issued his Order denying relief on February 18,

2022, in which he recognized that Petitioner had raised the additional claim of "Counsel failed to

inform Applicant of a plea offer from the State prior to Applicant's trial." ECF No. 30-3 (App. 743–55). Judge Griffin denied relief on all grounds, but in specifically addressing the first ground Petitioner raises to this Court—ineffective assistance of trial counsel—he found Petitioner failed to meet his burdens of proving counsel's performance was deficient and of proving prejudice. *Id.*

### C. PCR Appeal

Petitioner, through counsel, timely appealed the denial of relief to the South Carolina Supreme Court via a *Johnson* petition[1] for writ of certiorari raising one issue: Whether the PCR Court erred in finding counsel provided effective representation where Petitioner rejected a favorable plea offer based on counsel's advice that counsel had valid defense strategy at trial? ECF Nos. 30-4; 30-5. Petitioner also filed a Pro Se Brief in response to the *Johnson* petition. ECF No. 30-6; ECF No. 41 (attachments to pro se appellate brief).

The Supreme Court of South Carolina transferred the PCR appeal to the South Carolina Court of Appeals in January 2023.[2] ECF No. 30-7. The Court of Appeals subsequently denied the petition on December 6, 2023, and issued a remittitur on January 4, 2024, which was filed with the Newberry Clerk of Court on January 8, 2024.[3] ECF Nos. 30-8; 30-9. Petitioner filed his current petition for writ of habeas corpus on December 15, 2023.[4] ECF No. 1.

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

[2] Pursuant to Rule 243(l), SCACR, "The Supreme Court may transfer a case filed under this rule to the Court of Appeals."

[3] "The final disposition of a case occurs when the remittitur is returned by the clerk of the appellate court and filed in the lower court." *Christy v. Christy*, 452 S.E.2d 1, 4 (S.C. Ct. App. 1994).

[4] Petitioner filed a previous petition in this Court on July 15, 2021. *See* Dkt. 1, Case No. 9:21-cv-02121-CMC (D.S.C. July 15, 2021). However, by Order dated July 13, 2022, the Court dismissed the petition without prejudice to permit Petitioner to exhaust his administrative remedies. *See Mitchell v. Warden of Ridgeland Corr. Inst.*, No. CV 9:21-2121-CMC, 2022 WL 2712542, at *9 (D.S.C. July 13, 2022).

## II.     STANDARDS OF REVIEW

### A.     Summary Judgment Standard

Summary judgment is appropriate if a party "shows there is no genuine dispute as to any issue of material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under the framework established in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the party seeking summary judgment shoulders the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *Id*. at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id*. at 324.

Under this standard, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Id.* at 252. Likewise, conclusory or speculative allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. To survive summary judgment, the non-movant must provide evidence of every element essential to his action on which he will bear the burden of proving at a trial on the merits. *Celotex Corp.*, 477 U.S. at 322.

Additionally, pro se filings are to be "liberally construed" and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

**B.     Federal Habeas Review under 28 U.S.C. § 2254**

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 1. Therefore, in considering Petitioner's claims, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *See Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding").

A state court's decision is contrary to clearly established federal law if that court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Evans*, 220 F.3d at 312 (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). A state court decision unreasonably applies clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. (quoting *Williams*, 529 U.S. at 413).

Because "review under § 2254(d)(1) focuses on what a state court knew and did," this Court measures the reasonableness of the state court's decision based on the information in the record before the state court. *Valentino v. Clarke*, 972 F.3d 560, 575 (4th Cir. 2020) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011)). "Likewise, § 2254(d)(2) provides for a limited review of factual determinations in light of the evidence presented in the State court proceeding[;] [thus,] [t]his backward-looking language similarly requires an examination of the state-court decision at the time it was made." *Id*. (citation and internal quotation marks omitted).

Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. Further, factual findings "made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## C.    Procedural Bar

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or

laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural default/bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before a petitioner has appropriately exhausted available state-court remedies or after a petitioner has otherwise defaulted/bypassed seeking relief in the state courts will be dismissed absent unusual circumstances, as detailed below.

### 1. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies. *See* 28 U.S.C. § 2254(b)–(c). The statute requires that, before seeking habeas corpus relief, a petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Stated plainly, in the interest of giving state courts the first opportunity to consider alleged constitutional errors in state proceedings, a § 2254 petitioner is required to "exhaust" all state remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will generally result in the application of a procedural bar by the South Carolina Supreme Court. *See Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009)

(discussing procedural bar and noting the "general rule" in South Carolina is that where a party fails to file a Rule 59(e) motion, the argument is forfeited). Furthermore, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45. In South Carolina, a claim is not procedurally barred from review in this Court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals. *See Remedies in Criminal and Post–Conviction Relief Cases*, 321 S.C. 563, 564, 471 S.E.2d 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.").

### 2. Procedural Default/Bypass

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. *Smith v. Murray*, 477 U.S. 527, 533 (1986). This situation is sometimes referred to as procedural bypass, as the petitioner has "bypassed" his state remedies. In other words, procedural default/bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Procedural default/bypass can occur at any level of the state proceedings, if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See, e.g.*, *Evans v. State*, 611 S.E.2d 510, 515 (S.C. 2005) (noting an "issue or argument which is neither raised at PCR hearing nor ruled upon by the

PCR court is procedurally barred from appellate review" (citation omitted)). Further, if a prisoner

has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he

is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim

because of an earlier default in the state courts, the federal court honors that bar. As the United

States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial
> decisions, but also the finality of those decisions, by forcing the defendant to litigate
> all of his claims together, as quickly after trial as the docket will allow, and while
> the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984). If a federal habeas petitioner has procedurally defaulted

his opportunity for relief in the state courts, the exhaustion requirement is technically met and the

rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled

on other grounds by United States v. Barnette,* 644 F.3d 192 (4th Cir. 2011); *Coleman v.

Thompson,* 501 U.S. 722, 735 n.1 (1991). Thus, where the state court has not had the opportunity

to apply its own procedural bar, the federal court will nevertheless bar the claim where

application of the bar is clear. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989).

### 3. Cause and Actual Prejudice

Notwithstanding the foregoing, a federal court may consider claims that have not been

presented to the highest South Carolina court with jurisdiction in very limited circumstances. *See

Granberry v. Greer,* 481 U.S. 129, 131 (1987). Indeed, because the requirement of exhaustion is

not jurisdictional, this Court may consider claims that have not been presented to the state's courts

in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim

and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that

failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v.

*Branker*, 517 F.3d 700, 714 (4th Cir. 2008).

A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray v. Carrier*, 477 U.S. 478, 488–97 (1986). Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Id.* at 496.

## III.    DISCUSSION

Petitioner raises the following grounds for relief in his Petition:

**Ground One**:        Ineffective Assistance of Trial Counsel

**Supporting Facts**:  Here, my first PCR atty told me that S.C. do not like making new precent law. Thus I argue that the state court(s) decisions was clearly contrary to that counsel provided effective representation where I rejected a favorable 15 year plea offer, based on counsel's erroneous advice that counsel had valid <u>sound</u> defenses/strategies for a trial[,] which counsel defenses/strategies was sufficiently against the weight of the evidence and facts in my case, as the court(s) rulings too[.] And involved an objectively unreasonable application of clearly established federal law. See <u>Strickland v. Washington</u> 466 U.S. 668; <u>Lafler v. Cooper</u> 132 S. Ct. 1376; <u>Missouri v. Frye</u> 132 S. Ct. 1399[;] 6th and 14th Amendment of the U.S. Constitution.

Although Counsel claimed that I maintained that I wanted a trial. <u>Per Cooper</u> I established prejudice and demonstrated a reasonable probability that the plea would have been entered w/out the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law.

And during my PCR hearing and PCR appeal I proved prejudice when I testified that I had admitted from day one that I was the person in the image. And that I was guilty and would have accepted the sol. 15 year plea offer but rejected the plea offer due to counsel big talk about factual innocent (blurry image) getting experts to do an overlay showing that the image/person in the image was too blurr[y] to I.D. Also bring up the "Herring" case/Neal v. Bigger: mistaken identity and third party guilt. . . . Here the sol. pointed out that counsel failed to subject the state's case to a meaningful adversarial testing . . . which the court of appeals affirmed that "ALL" of counsel points/arguments was misplaced . . . . Also, the Sup Court affirmed as well . . . . And I further argue that counsel had no valid sound defenses/strategies, even after the trial judge had cited two (2) fed cases for counsel guidance . . . . But I ended up going to trial facing a life sentence "UNBENOWNST" to me at the time, receiving 20 years – getting 5 more years that the plea offer[.] Here, clearly there was <u>no</u> reason(s) appeared in the record that would have caused the state to withdraw the offer or the court to refuse to accept it. . . . Moreover, the PCR court nor PCR appeal court(s) did <u>not</u> find that my testimony on this arguments was not credible.

**Ground Two**:          Ineffective Assistance of Trial Counsel

**Supporting Facts**:     (A) Trial counsel failed to object and motion for the state to remove the alleged victim['s] girlfriend . . . who was a . . . witness from sitting at the state's table[,] as argued in my PCR app, at my PCR hearing . . . .

(B) Trial counsel prejudiced my whole trial where he bolstered Lt. McClurkins testimony by stating he was a good officer[,] as argued in my PCR app, at my PCR hearing. I reargue verbatim.

I further argue that PCR counsel actions created circumstances that rendered my PCR process plus an appeals INEFFECTIVE when PCR counsel failed to argue that the destruction of this tape – upon said above issues that I will never be able to fairly adjudicate prove my meritorious issues. Where there was still claims from me that was omissions/inaccuracies <u>after</u> the C/R correction of some of the issue(s). NO notice or opportunity to object to her reusing/destroying the tape. . . .

12

> **Ground Three**:     Inordinate Delay – Denial of Due Process / Equal Protection
>
> **Supporting Facts**:     See: <u>my prior case 9:21-2121-CMC</u> which my PCR atty failed to aid me to bring up/out this issue or argue that I had met all <u>Barker</u> four factors. See <u>Barker v. Wingo</u> 92 S Ct 2182; <u>Ward v. Freeman</u> 46 F3d 1129. Because she said this was not a PCR issue. Thus PCR counsel actions created circumstances as to render my PCR process plus any appeals plus habeas corpus ineffective[.]

ECF No. 1 at 5–9; ECF No. 1-1 at 1–6, 13 (errors in original).

Respondent asserts that the only grounds properly before the Court are those asserting ineffective assistance of trial counsel—i.e., the grounds related to the plea offer (Ground One), the victim's girlfriend at the state's table (Petitioner's Ground Two part A, which Respondent describes as Ground One part B), and trial counsel calling an officer a "good officer" (Petitioner's Ground Two part B, which Respondent describes as Ground One part C). ECF No. 30 at 8–10. Respondent maintains that Petitioner's Ground Two claim of ineffective assistance of PCR counsel and his Ground Three were not presented to the PCR Court or PCR appellate court and thus were not properly exhausted. *Id.* at 10, 16–17.

In his Response, Petitioner notes that Respondent re-classified his Grounds but states, "regardless of the Respondent['s] errors, I am ABANDONING 'my' Grounds two and three set out in my 2254." ECF No. 37 at 2. Petitioner then sets forth arguments related only to his Ground One "Plea offer." *Id.* at 3–8.

In light of Petitioner's express abandonment of the issues he raises in Grounds Two and Three of his Petition, Grounds Two and Three should be dismissed, and the undersigned's review of the Petition is limited to Ground One only. *See Goss v. Jackson*, No. 2:23-CV-00722-BHH-MGB, 2024 WL 3326358, at *3 (D.S.C. May 6, 2024) (limiting review to subsection A of petitioner's Ground One claim where petitioner's response in opposition to respondent's summary

judgment motion explained that petitioner wished to "abandon subsections B and C of his Ground One claim"), *report and recommendation adopted,* No. CV 2:23-722-BHH, 2024 WL 2859539 (D.S.C. June 6, 2024); *Clea v. Warden of Kirkland Corr. Inst.*, No. CA 9:13-817-JFA-BM, 2014 WL 1233035, at *1, 5 (D.S.C. Mar. 25, 2014) (dismissing ground one of petition because petitioner abandoned ground one in his response in opposition to the motion for summary judgment).

A.     **Ground One – Ineffective Assistance of Counsel Regarding Plea Offer**

The Sixth Amendment to the Constitution guarantees a criminal defendant the effective assistance of counsel, "a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Missouri v. Frye*, 566 U.S. 134, 144 (2012) ("[C]riminal defendants require effective counsel during plea negotiations.").

The two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to claims of ineffective assistance of counsel during the plea-bargaining process. *Lafler*, 566 U.S. at 162–63 A meritorious ineffective assistance of counsel claim must show two elements: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687–96.

As to the first prong, a court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992). To establish the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

The United State Supreme Court has held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. Where ineffective assistance of counsel is alleged in the context of counsel's role in the decision whether to accept a plea offer, a habeas petitioner, to satisfy *Strickland*'s deficient performance prong, must show that counsel's advice fell below "the range of competence demanded of attorneys in criminal cases." *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citation omitted). To satisfy *Strickland*'s prejudice prong, a habeas petitioner must show the following: (1) that "but for the ineffective advice of counsel there is a reasonable probability that [a] plea offer would have been presented to the court"; (2) that "the court would have accepted its terms"; and (3) "that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164;[5] *see Frye*, 466 U.S. at 147 (same).

The review of ineffective assistance of counsel claims in federal habeas is not simply a new review of the merits; rather, habeas review is centered upon whether the state court decision was reasonable. *See* 28 U.S.C. § 2254(d). Additionally, each step in the review process requires deference—deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review

---

[5] In *Lafler*, the Court analyzed only the prejudice prong of *Strickland* because "all parties agree[d] the performance of [petitioner's] counsel was deficient when he advised [petitioner] to reject the plea offer on the grounds he could not be convicted at trial." *Lafler*, 566 U.S. at 163.

is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted). Therefore, a "state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101.

The Supreme Court has explained that a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Thus, the question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Valentino*, 972 F.3d at 580 (citation and internal quotation marks omitted).

### 1. The Parties' Arguments

As referenced above, in Ground One, Petitioner alleges trial counsel was ineffective in the context of a plea offer. ECF No. 1-1 at 1–4. Specifically, Petitioner indicates that he rejected a favorable 15-year plea offer based on trial counsel's advice that counsel had sound defenses or strategies for trial, but Petitioner would have accepted the plea offer if he had known counsel's trial strategies were not sound. *Id.*

Respondent contends that the PCR Court reasonably denied relief because Petitioner himself testified at his PCR hearing that he was aware of the 15-year plea offer, the court found trial counsel credibly testified Petitioner refused to take it, and Petitioner did not meet his burden

of proving ineffective assistance or prejudice for this ground. ECF No. 30 at 15.

In his Response in opposition to Respondent's Motion for Summary Judgment, Petitioner argues that the PCR Court "never rejected [his] claim on the basi[s] of credibility—only upon *Strickland*; *Missouri v. Frye*, 566 U.S. 134." ECF No. 37 at 3–4; *see also* ECF No. 42 at 3. Petitioner further argues that he has proven prejudice because the trial judge cited two federal cases showing Petitioner had no defense; Petitioner tried to accept the fifteen-year plea offer at the beginning of his second trial, at which time counsel told him he was too late; and accepting the fifteen-year plea would have been better than "going to trial facing a life sentence [and] receiving 20 years per counsel['s] baseless invalid, unsound trial defenses/strategies." ECF No. 37 at 7–8.

## 2. The PCR Court's Decision

The PCR Court found Petitioner's claims of ineffective assistance of counsel to be without merit. ECF No. 30-3 at 247–48. In so doing, the PCR Court applied the *Strickland* standard. *Id.* at 248–250. As to Petitioner's ineffective assistance claim based on the plea offer, the PCR Court found as follows:

> Applicant's allegation of ineffective assistance of counsel due to Counsel failing to inform Applicant of all plea offers is without merit. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. *Missouri v. Frye*, 566 U.S. 134, 145 (2012). Further, ineffective assistance is given "[w]hen defense counsel allow the [plea] offer to expire without advising the defendant or allowing him to consider [the plea]." *Id.* at 145.

> When determining prejudice for failure to convey a plea, a case-by-case determination is made "assessing whether but for counsel's deficient performance a defendant would have accepted the State's proposed plea bargain and that he would have benefited from the offer. *Bell v. State*, 410 S.C. 436, 443, 765 S.E.2d 4, 7 (2014). Prejudice is found if applicant "would have taken the plea offer had [he] been afforded effective counsel", if "the plea would have been entered without prosecution canceling it or the trial court refusing to accept it", and "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Collins v. State*, 422 S.C. 250, 262, 810 S.E.2d 871, 877 (2018) (quoting *Frye*, 566 U.S. 147) (quotations omitted).

17

Presumed prejudice is reserved to limited situations. *Bell*, 410 S.C. at 443, 765 S.E.2d at 7.

At his evidentiary hearing, Applicant testified Counsel did not relay a plea offer for fifteen years prior to Applicant's trial. Applicant testified he spoke with Counsel and Counsel convinced Applicant that a valid defense of mistaken identity, and third party guilt, would create reasonable doubt for the jury. Applicant testified he told Counsel that he was the one who was pictured inside Mr. Potts['] house. Applicant testified that if he knew that Counsel would not do all of the things he promised Applicant, that Applicant would have accepted a plea offer instead of proceeding to trial and facing a possible life sentence. Applicant testified he was told to not accept a plea offer because the State did not have enough evidence to convict him. Applicant testified he asked Counsel about accepting a plea offer after pre-trial motions were heard, and Counsel told Applicant it was too late, and they had good issues for an appeal.

Counsel testified he spent copious hours on weekends and after work meeting with Applicant, in an attempt to develop a defense in Applicant's case. Counsel testified Applicant never said he wanted to plead guilty and accept the fifteen-year plea offer. Counsel testified Applicant took the photo from Mr. Potts' camera and asked different prison guards and prisoners if they thought it looked like Applicant. Counsel testified Applicant's position was that he wanted a jury trial, and he wanted to make the State prove that Applicant was the individual pictured inside Mr. Potts' house. Counsel testified a fifteen-year plea offer was presented to him, and he told Applicant about this offer. Counsel testified that Applicant told Counsel that he did not want to plead guilty. Counsel testified he never attempted to talk Applicant out of accepting a plea offer, but he told Applicant that it may be better to try this case due to possible issues with the picture from Mr. Potts' house. Counsel testified that during his representation of Applicant he does not believe they ever considered taking a plea offer and were always focused on challenging the State's evidence at trial.

Applicant has failed to demonstrate how Counsel was ineffective for conveying a fifteen-year plea offer. Applicant admitted that he was aware of the fifteen-year plea offer prior to his plea [sic[6]], however Applicant asserts that Counsel talked him out of accepting a plea offer by convincing Applicant that they had a high chance of success at trial. Counsel testified he spoke with Applicant at length regarding his case, and conveyed all plea offers to Applicant. Counsel testified at no point did Applicant say he wanted to plead guilty instead of proceeding to trial. Counsel testified Applicant's focus was on making the State prove that Applicant was the individual pictured inside Mr. Potts' house. Though Applicant now claims he would have plead[ed] guilty instead of going to trial if not for Counsel's performance, this Court finds Counsel was not deficient in his representation of Applicant, and Applicant cannot demonstrate how he was prejudiced by Counsel's performance. Therefore this allegation[] is denied and dismissed with prejudice.

---

[6] The use of the word "plea" instead of "trial" likely is a scrivener's error.

ECF No. 30-3 at 254–256 (PCR Record at 752–54).

### 3. Analysis

Upon review, the undersigned finds that the PCR Court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent nor based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *Valentino*, 972 F.3d at 580 (noting the question is not whether a federal court considers the state court's determination under the *Strickland* standard to be incorrect, but whether that determination was unreasonable). First, the PCR Court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR Court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

Further, the record supports the PCR Court's decision. At the PCR hearing, Petitioner acknowledged that his trial counsel told him the prosecutor had made a plea offer of 15 years, but Petitioner testified that counsel convinced Petitioner that they had a strong defense strategy centered on challenging the photographic evidence in the case and advised Petitioner not to take the plea. ECF No. 30-3 at 198–204, 209. Petitioner testified that had he known that the trial strategy was not going to be successful, he would have taken the 15-year offer. *Id.* at 204, 210. Trial counsel testified that he met with Petitioner fifteen to twenty times, brought the plea offer to Petitioner, and never tried to talk Petitioner out of pleading guilty or try to convince him that it was better for him to try this case. *Id.* at 218, 221–22, 228. He testified that Petitioner "at no time ever said that he wanted to just plead guilty and take 15" but rather told counsel to "make them prove it." *Id.* at 219, 222, 228–29. Counsel testified that they agreed to bring in an expert to try to contradict anybody's statement that Petitioner was the person in the images. *Id.* at 219. Counsel testified that

his trial strategy at that point was to challenge the authenticity of the photographs and challenge the identification of Petitioner, and that he felt this defense was the best viable option once Petitioner indicated he did not want to plead guilty. *Id.* at 226–27.

The undersigned notes that the PCR Court did not make any express statement regarding the credibility of the witnesses with respect to this particular claim for ineffective assistance of counsel. However, the PCR Court explained that after "review[ing] the testimony presented at the evidentiary hearing, observ[ing] the witnesses presented at the hearing," "weigh[ing] the testimony accordingly," and "review[ing] the records submitted . . . by the parties and the legal arguments made by the attorneys," the PCR Court found, "based upon all of the probative evidence presented," that "Applicant's allegations of ineffective assistance of counsel are without merit." ECF No. 30-3 at 247–48.

The Supreme Court has explained that "28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Moreover, where the state court fails to make express findings as to a party's credibility, "its failure to grant relief [to that party is] tantamount to an express finding against the credibility of the [party]." *Id.* at 433; *see also Dodson v. Ballard*, 800 F. App'x 171, 178 (4th Cir. 2020) ("Although the state habeas court did not label its findings as credibility determinations, the court plainly resolved the issue of the credibility of the competing witnesses in arriving at its conclusion.") (citing *Lonberger*, 459 U.S. at 433–34). Here, the PCR Court considered Petitioner and trial counsel's hearing testimony regarding the plea offer—including counsel's testimony that he never advised Petitioner not to take the plea and Petitioner's testimony to the contrary—and found Petitioner's claim to be without merit. In reaching this conclusion, the PCR Court implicitly resolved the issue of credibility in

favor of counsel and against Petitioner. *See Lonberger*, 459 U.S. at 433–34; *see also Weaver v. Palmateer*, 455 F.3d 958, 964 (9th Cir. 2006) ("There are many instances in the record in which a statement by [petitioner] flatly contradicts one by [trial counsel]. Given such contradictory testimony and the nature of the accusations made by [petitioner], the fact that the state courts, three times, rejected [petitioner's] claim that [trial counsel's] representation was ineffective strongly indicates these courts found [trial counsel] credible and [petitioner] not.").

Petitioner has not shown that the PCR Court's determination under the *Strickland* standard was unreasonable. *Valentino*, 972 F.3d at 580. In his Petition, Petitioner does not dispute that counsel conveyed the plea offer to him or that Petitioner rejected the offer. *See Frye*, 566 U.S. at 145 (holding that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"). Rather, he states that he "rejected a favorable 15 year plea offer, based on counsel's erroneous advice that counsel had valid <u>sound</u> defenses/strategies for a trial," and he maintains that had he known those defenses were not going to be successful, he would have accepted the plea offer. ECF No. 1-1 at 1–4. However, Petitioner's backward-looking argument—that because his defense ultimately was unsuccessful, counsel's advice regarding the defense was therefore ineffective assistance—is precisely the type of "Monday morning quarterbacking" *Strickland* warns against. *See Stamper v. Muncie*, 944 F.2d 170, 178 (4th Cir. 1991) ("[Defense Counsel's] tactics were reasonable. [The petitioner's] recasting of the pros and cons of trial counsel's decision amounts to Monday morning quarterbacking."); *see also Strickland*, 466 U.S. at 689 (explaining that courts must apply a "strong presumption" that trial counsel's strategic defense choices fell "within the wide range of reasonable professional assistance" and "might be considered sound trial strategy," even if that strategy was not ultimately successful); *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014)

("It is 'all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.' Thus, an evaluation of attorney performance requires that 'every effort be made to eliminate the distorting effects of hindsight.'" (quoting *Strickland*, 466 U.S. at 689)).

In applying prong one of the *Strickland* analysis, the PCR Court found that trial counsel was not deficient in his representation of Petitioner during the plea process. Upon consideration of the record and the filings before the Court, and mindful of the "doubly" deferential standard applied on habeas review, the undersigned finds that the PCR Court's conclusion that trial counsel's performance was not deficient is neither unreasonable nor based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *see also Frye*, 566 U.S. at 145; *Hill*, 474 U.S. at 56 (explaining that to establish deficient performance regarding advice on plea offers, a petitioner must show that counsel's advice fell below "the range of competence demanded of attorneys in criminal cases"). Thus, Petitioner has failed to meet his burden under § 2254 as to his Ground One assertion that the PCR Court erred in denying his claim of ineffective assistance of counsel. *See, e.g.*, *Ward v. United States*, 982 F.3d 906, 913–14 (4th Cir. 2020) (finding it unnecessary to reach the merits of a petitioner's claim on both *Strickland* prongs where the claim clearly failed on one prong); *Merzbacher v. Shearin*, 706 F.3d 356, 365 (4th Cir. 2013) (explaining "that 'there is no reason for a court deciding an ineffective assistance claim' to resolve 'both components of the inquiry if the defendant makes an insufficient showing on one'" (quoting *Strickland*, 466 U.S. at 697)). Accordingly, the undersigned recommends granting summary

judgment as to this ground.

**B.     Petitioner's Motion for Evidentiary Hearing**

Petitioner filed a Motion for Evidentiary Hearing on his Ground One claim for ineffective assistance of counsel during the plea process. ECF No. 46. Respondent opposes the Motion. ECF No. 47.

The decision to grant an evidentiary hearing is "generally left to the sound discretion of district courts." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  The Court must consider whether an evidentiary hearing would afford Petitioner the opportunity "to prove the petition's factual allegations, which, if true, would entitle [him] to federal habeas relief." *Id.* at 474. "[T]he deferential standards prescribed by § 2254 control whether to grant habeas relief, [and] a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* "Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011). The U.S. Supreme Court has held that "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.* at 185. Thus, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.*

Because Petitioner's Ground One ineffective assistance of counsel claim has been adjudicated on the merits by a state court, that claim is subject to review under § 2254(d)(1) and, therefore, "is limited to the record that was before the state court that adjudicated the claim on the merits." *See id.* at 181. Accordingly, the undersigned recommends that Petitioner's Motion for Evidentiary Hearing be denied.

### IV.    CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Respondent's Motion for Summary Judgment (ECF No. 31) be **GRANTED**, and the Petition be **DISMISSED with prejudice.** It is further **RECOMMENDED** that Petitioner's Motion for Evidentiary Hearing (ECF No. 46) be **DENIED**.

Molly H. Cherry
United States Magistrate Judge

January 28, 2025
Charleston, South Carolina

**The parties are directed to the next page for their rights to file objections to this recommendation.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).