IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Bennie Mitchell, | C/A No. 9:23-6604-CMC |
| Petitioner, | |
| v. | Order |
| Warden Stephen Duncan, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report").[1]

Respondent filed a motion for summary judgment, as well as a return and memorandum of law on June 24, 2024. ECF Nos. 30, 31. A *Roseboro* Order was mailed to Petitioner, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 32. Petitioner filed a response in opposition to summary judgment,[2] and Respondent filed a reply.

---

[1] The court notes Petitioner filed motions to recuse Judge Cherry and the undersigned because they ruled against him in a previous case. ECF Nos. 15, 17. Both motions were denied. ECF Nos. 19 (denying motion to recuse Judge Cherry), 43 (denying motion to recuse Judge Currie).

[2] Petitioner also filed a motion to expand the record, contending certain attachments to his *pro se* response in his PCR appeal were omitted from Respondent's Return. ECF No. 38. Respondent acknowledged these attachments were inadvertently left out, and filed them. ECF Nos. 39 (response to motion); 41 (additional attachments to Return). The Magistrate Judge mooted the motion to expand as the requested documents have been filed. ECF No.49.

ECF Nos. 37, 40. Petitioner filed a sur reply. ECF No. 42. Petitioner also filed a motion for evidentiary hearing. ECF No. 46.

On January 28, 2025, the Magistrate Judge issued a Report recommending Respondent's motion for summary judgment be granted and the motion for evidentiary hearing be denied. ECF No. 50. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed timely objections. ECF No. 52.

### Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

### Discussion

In his § 2254 petition, Petitioner alleges the following grounds for relief: (1) trial counsel was ineffective when Petitioner rejected a 15-year plea offer based on counsel's representations there were sound defenses and strategies for trial; (2) counsel was ineffective at trial for failing to

object and make a motion to remove the alleged victim's girlfriend from the witness table, for "bolstering " law enforcement testimony by stating he was a "good officer," and PCR counsel was ineffective for failing to object to reuse or destruction of the court reporter's tape of the trial; and (3) denial of due process/equal protection for a speedy trial violation. ECF No. 1-1 at 1-13. The Government moved for summary judgment on all grounds. ECF No. 31. In his response to the summary judgment motion, Petitioner explained he is "abandoning my Grounds two and three set out in my 2254." ECF No. 37 at 2.  He went on to argue only issues related to his Ground one regarding the plea offer.

The Magistrate Judge recommends granting Respondent's motion for summary judgment and dismissing this case. ECF No. 50. Specifically, the Report recommends dismissal of Grounds Two and Three as abandoned. *Id.* at 13. After examining Count One in full, the Magistrate Judge recommends dismissing it as well because the PCR court thoroughly considered this assertion of ineffective assistance of counsel and denied Petitioner's claim. *Id.* at 19. The Report concluded the PCR court's denial was neither contrary to nor an unreasonable application of applicable precedent nor based on an unreasonable determination of the facts. *Id.* Finally, the Magistrate Judge recommends Petitioner's motion for evidentiary hearing should be denied because this court's review is limited to the record before the state court that adjudicated the claim on the merits, pursuant to § 2254(d)(1). *Id.* at 23.

Petitioner objects to the Magistrate Judge's recommendation on Ground One.[3] Specifically, he asserts he testified previously counsel pressured him and told Petitioner he had

---

[3] He does not appear to object to the recommended dismissal of Grounds Two or Three. As such, the court has reviewed the Report for clear error and, finding none, dismisses these grounds as abandoned.

3

"valid sound defenses" for trial, causing him to reject the 15-year plea offer. *Id.* at 2. He explains he told counsel he was depicted in the image, but counsel caused him to reject the plea offer because the image was blurry, and counsel was going to prepare an overlay with his booking photo to show differences. Petitioner contends counsel's "agreement killed my whole case" and counsel "hoodwinked [him] into a defenseless trial." *Id.* at 4. He argues the trial judge cited two federal cases for "trial counsel guidance" and in reviewing the cases, his attorney should have known not to proceed to trial. He asserts counsel was ignorant on the relevant issues of law. *Id.* at 5. Petitioner argues counsel failed to take his request to plead to the solicitor during pre-trial motions before the second trial, and told him it was too late. Finally, he contends he was never told he could face a life sentence.[4]

The Magistrate Judge noted the PCR court confronted this very issue and found trial counsel was not deficient in his representation of Petitioner regarding the offered 15-year plea. ECF No. 50 at 22. Aware of the "doubly deferential standard" applied on habeas review, the Magistrate Judge determined the PCR court's conclusion that counsel was not deficient was neither unreasonable nor based on an unreasonable determination of the facts.

The court agrees with the Magistrate Judge the PCR court's holdings were not an unreasonable determination of the facts or contrary to federal law. Further, nothing in Petitioner's objections changes this conclusion. The PCR court had the opportunity to evaluate credibility of both Petitioner and counsel, and this court cannot reweigh such credibility decisions. Petitioner argues further issues of fact that have previously been considered and ruled upon by the PCR court.

---

[4] The court notes these are essentially the same arguments Petitioner presented in opposition to summary judgment before the Magistrate Judge.

Petitioner has not provided information that would show the PCR court's determination was unreasonable, which is a substantially higher threshold than showing the PCR court was incorrect. *See Valentino v. Clarke*, 972 F.3d 560, 580 (4th Cir. 2020) ("When assessing a *Strickland* claim through the lens of AEDPA, our review is 'doubly deferential.' Thus, the question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold.") (internal citations omitted). Petitioner has not met this threshold.

The court further agrees Petitioner is not entitled to an evidentiary hearing. Under § 2254(d)(1), "if a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011). This court's review is, accordingly, cabined to the record before the PCR court, and an evidentiary hearing would not assist Petitioner in his claim as this court cannot reweigh credibility.

## Conclusion

For the reasons above, after *de novo* review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the findings and conclusions of the Magistrate Judge. Accordingly, the court adopts the Report, grants Respondent's motion for summary judgment (ECF No. 31), and dismisses the Petition with prejudice. Petitioner's motion for evidentiary hearing (ECF No. 46) is denied.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

>       (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

  **IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina  
February 26, 2025